UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-CR-64 JCM (GWF) |
| Plaintiff(s), | **ORDER** |
| v. | |
| STEVEN GRIMM, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Steven Grimm's ("petitioner") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 707).

Also before the court is petitioner's motion to hold his § 2255 motion in abeyance for 60 days. (ECF No. 709). The United States of America ("the government") has not responded, and the time to do so has passed.

Also before the court is petitioner's motion for evidentiary hearing pursuant to Rule 8 of the rules governing § 2255. (ECF No. 711).

Also before the court is Magistrate Judge Foley's order and report and recommendation ("R&R"). (ECF No. 742). Petitioner filed an objection to the R&R. (ECF No. 750). The government did not file a response, and the time to do so has passed.

**I.  Background**

The instant action arises from petitioner's conviction for conspiracy to commit bank fraud, mail fraud, and wire fraud; bank fraud; aiding and abetting bank fraud; mail fraud; aiding and abetting mail fraud; wire fraud; and aiding and abetting wire fraud. (ECF No. 434). Petitioner was sentenced and remanded into custody to serve twenty-five years in prison followed by a five-year term of supervised release as to each count, to run concurrently. *Id.*

Petitioner appealed the judgment and filed a motion for new trial. (ECF No. 525). The court conducted a two-day evidentiary hearing (ECF Nos. 647; 649) and denied petitioner's motions for a new trial (ECF No. 565). The Ninth Circuit affirmed the court's order denying a new trial and petitioner's sentence but vacated and remanded for reconsideration on the appropriate amount of forfeiture. (ECF No. 680).

Petitioner then filed a litany of motions, including: motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 707); motion for appointment of counsel (ECF No. 708); motion to hold in abeyance (ECF No. 709); motion for discovery (ECF No. 710); and motion for evidentiary hearing (ECF No. 711).

Magistrate Judge Foley denied petitioner's motions for appointment of counsel and for discovery. (ECF No. 742). Magistrate Judge Foley also recommended the court deny petitioner's motion for an evidentiary hearing. (ECF No. 711). Petitioner filed an objection to the R&R and included objections to Magistrate Judge Foley's order. (ECF No. 750).

## II. Legal Standard

*A. Reconsidering a magistrate judge's order*

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential."

*Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

*B. Reviewing a magistrate judge's report and recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

**III. Discussion**

As an initial matter, the court denies petitioner's motion to hold his § 2255 motion in abeyance for 60 days as moot. (ECF No. 709). Petitioner's § 2255 motion has remained pending for more than 60 days and he has not supplemented his petition. *See generally id.* (indicating that petitioner would "factually develop his numerous claims" and supplement his petition).

The court has examined the petition and finds that further briefing is appropriate. Petitioner alleges a myriad of ineffective-assistance-of-counsel claims that and attaches voluminous supplemental briefing attached to his petition. *See generally* (ECF Nos. 707; 707-1; 707-2). The

government shall file a response within ninety (90) days from the date of this order. Thereafter, petitioner will have sixty (60) days to file a reply.

The court now turns to petitioner's objections to Magistrate Judge Foley's R&R. (ECF No. 750). Petitioner does not argue that Magistrate Judge Foley's order denying the motions for appointment of counsel and for discovery were clearly erroneous or contrary to law. (*See generally* ECF No. 750); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). Instead, he reargues the merits of his motions. *Id.* at 1–6. Accordingly, the court affirms Magistrate Judge Foley's order.

Petitioner also argues that this court should hold an evidentiary hearing, Magistrate Judge Foley's recommendation notwithstanding. *Id.* at 6–7. On this point, the court is required to conduct a *de novo* review of the underlying motion. 28 U.S.C. § 636(b)(1).

> Unless the motion **and the files and records of the case** conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b) (emphasis added). "To earn the right to a hearing, . . . [petitioner] must allege specific facts which, if true, would entitle him to relief." *U.S. v. McMullen*, 98 F. 3d 1155, 1159 (9th Cir. 1996) (citation omitted). The court may deny a hearing "if the movant's allegations, **viewed against the record**, fails to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F. 3d 925, 931 (9th Cir. 1998) (emphasis added).

Here, petitioner's motion for evidentiary hearing simply states that he was not made aware of certain facts or consequences by counsel prior to and during trial, was not privy to relevant documents during the discovery period, and was not made aware of plea negotiations provided by testifying witnesses. (ECF No. 711). Petitioner's § 2255 motion, on the other hand, alleges a prolix list of claims related to the effectiveness of court-appointed trial and appellate counsel and several *Brady* violations. (ECF No. 707). Petitioner does not, in either motion or his objection to Magistrate Judge Foley's R&R, suggest or show that the alleged ineffectiveness of trial counsel would have had any substantial effect on his jury trial. (ECF Nos. 707; 711; 750).

However, the court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citations omitted). The court lacks a complete record because the government has not yet had the opportunity to respond to petitioner's allegations. Accordingly, the court denies petitioner's motion for an evidentiary hearing without prejudice. Petitioner may move for an evidentiary hearing after his § 2255 motion is fully briefed.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED that respondent shall file a response to petitioner's motion to vacate, set aside, or correct sentence (ECF No. 707) no later than ninety (90) days from the date of this order. If respondent files a response, petitioner's reply is due sixty (60) days thereafter.

IT IS FURTHER ORDERED that petitioner's motion to hold his § 2255 motion in abeyance (ECF No. 709) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Magistrate Judge Foley's R&R (ECF No. 742) be, and the same hereby is, AFFIRMED and ADOPTED.

IT IS FURTHER ORDERED that petitioner's motion for evidentiary hearing (ECF No. 711) be, and the same hereby is, DENIED.

IT IS SO ORDERED.

The clerk is instructed to file this order in the instant matter and in the related civil case, no. 2:18-cv-02124-JCM.

DATED January 16, 2020.

_____
UNITED STATES DISTRICT JUDGE