UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-cr-00064-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN GRIMM, | |
| Defendant. | |

Presently before the court is petitioner Steven Grimm's ("Grimm") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 707).   The United States of America ("the government") filed a response (ECF No. 801), to which Grim replied (ECF Nos. 850; 859).

I.    **Background**

The facts of this matter have been recited extensively.  *See, e.g., United States v. Mazzarella*, 784 F.3d 532 (9th Cir. 2015); *United States v. Mazzarella*, 609 F. App'x 914 (9th Cir. 2015).[1]  Thus, the court provides just a brief recitation here.

Grimm and co-defendants were charged, tried, and convicted of mortgage fraud conspiracies that occurred from about 2003 to 2008.  Following the jury's verdict, Grimm moved for a new trial.  (ECF No. 379).  The court denied his motion, finding no prejudice from the allegations presented.  (ECF No. 404).  The court sentenced Grimm to 25 years per count, to run concurrently, and ordered Grimm forfeit $107 million in fraudulently gained funds.  (ECF No

---

[1] Grimm joined his codefendant, Mazzarella, in both appeals.

434).  Grimm appealed his judgment (ECF No. 438), and the Ninth Circuit stayed briefing to allow this court to consider Grimm's proposed motion for a new trial based on newly discovered evidence (ECF Nos. 523; 525).  The court denied Grimm's second motion for a new trial (ECF No. 542), and Grimm appealed that denial (ECF No. 549).

On appeal, the Ninth Circuit vacated this court's order denying Grimm's motion for a new trial and remanded for an evidentiary hearing on potential prosecutorial misconduct.  (ECF No. 626); *see United States v. Mazzarella*, 784 F.3d 532 (9th Cir. 2015).  On remand, the government provided Grimm with "essentially unlimited discovery" into its trial materials. (ECF No. 801 at 11).  This court then held an evidentiary hearing, again denied Grimm's motion for a new trial, (ECF No. 656), and Grimm again appealed (ECF No. 661).  On the second appeal, the Ninth Circuit confirmed this court's denial of the motions for a new trial but vacated the court's forfeiture order and remanded for further proceedings on that issue.[2]  (ECF Nos. 680; 686).

Following the affirmation of his conviction and sentence, Grimm filed the present motion to vacate, set aside, or correct sentence on the bases of ineffective assistance of trial counsel and appellate counsel, as well as due process violations from prosecutorial misconduct.  (ECF No. 707).  Grimm now seeks an evidentiary hearing and, ultimately, a new trial.

## II.    **Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).  § 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  § 2255 "is not

---

[2] Two months after Grimm filed his reply to the government's response, the parties stipulated to a forfeiture amount of just over $10 million.  (ECF No. 865).

designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

However, ineffective assistance of counsel claims are an exception to procedural default. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also United States v. Schlesinger*, 49 F.3d 483, 509 (9th Cir. 1994) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

**III.    Discussion**

Grimm asserts twenty grounds[3] to justify vacating, setting aside, or correcting his sentence pursuant to § 2255. These grounds concern three overlapping claims: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct. Thus, the court first determines whether to grant relief on those three grounds, then whether to hold an evidentiary hearing, and finally whether to grant Grimm any certificates of appealability. Consistent with the following, the court DENIES Grimm's motion on all grounds.

A.  Grimm fails to show ineffective assistance of trial counsel

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To prevail on a claim of ineffective assistance of counsel, "(1) the [petitioner] 'must show that counsel's representation fell below an objective standard of reasonableness;' and (2)

---

[3] As well as several "additional grounds" which neither the government nor Grimm's appointed counsel specifically address. (*See* ECF No. 707-2). As those "additional grounds" serve primarily to bolster Grimm's overarching grounds for relief, the court considers them within its discussion of Grimm's other grounds without specifically addressing each allegation.

the [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

Grimm asserts fourteen arguments to support his claim of ineffective assistance of trial counsel.  These arguments concern five overlapping issues: (1) ineffective plea advice, negotiations, and agreements,[4] (2) ineffective consultation with client,[5] (3) ineffective trial preparation and performance,[6] (4) ineffective challenges to possible jury tampering,[7] (5) ineffective calculation of harm at sentencing,[8] and (6) cumulative error.[9]  (*See generally* ECF Nos. 707; 707-1).

The court addresses each issue in turn.

1.  *Grimm fails to show ineffective plea advice, negotiations, or agreements*

Grimm's arguments regarding plea advice, negotiations, and agreements all rely on Grimm's allegation that counsel misinformed him that his maximum exposure was 20 years in custody when the statutory maximums for each of his charges were 30 years and the guideline sentence for his total offense level was up to life.  Grimm argues that if he understood his maximum potential sentence was life in custody, or if he understood the maximum statutory and guideline sentences, he would have avoided trial and instead sought the best available plea agreement.[10]  This argument fails for several reasons.

---

[4] Grounds 1, 2, 3, 4, 5, 14, and 17.

[5] Grounds 11 and 13.

[6] Grounds 6 and 8.

[7] Grounds 9 and 10.

[8] Ground 7.

[9] Grounds 15 and 16.

[10] A secondary throughline argument in these grounds is, essentially, that counsel failed to inform Grimm that he "did not stand a chance" at trial.  (*See* ECF No. 707-1 at 11).  However, this conclusory argument fails to show deficient performance or prejudice. Counsel is not required to predict with certainty that a favorable verdict is unachievable; pleading guilty would not necessarily have changed the outcome of Grimm's sentencing. *See infra* Part III.A.1.

First, though the Grimm's offense level—43—resulted in a guideline sentence of life in custody, the guidelines do not authorize the court to exceed the statutory maximum sentence. U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Therefore, any failure of counsel to explain that Grimm's guideline could be up to life has nothing to do with the actual range of sentences available to Grimm at sentencing.

Second, though the statutory maximum sentences for Grimm's charges were each 30 years, the court imposed a sentence of 25 years per count, to run concurrently. Thus, counsel's "indicat[ing] that 20 years would be the maximum [Grimm] would be looking at if convicted at trial," (ECF No. 707-1 at 12), was not "a gross mischaracterization of the likely outcome" of Grimm's sentencing. *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990). Further, even assuming that counsel indicated the maximum *possible* sentence was 20-years, Grimm's affidavit indicates that counsel informed him that the maximum sentence was 20 years per count, not 20 years total. (ECF No. 707-3 at 3). Thus, the concurrent sentences' effective total of 25 years was within the range of outcomes counsel explained to Grimm.

Third, even if Grimm showed deficient performance, Grimm fails to show prejudice. Grimm argues that but for his counsel's ineffective assistance, he would have "accepted the government's plea offer, or sought the most favorable plea and would have accepted the plea offer." (ECF No. 707-1 at 10–11). Though this argument likely refers to the mid-trial group plea deal offered by the government,[11] Grimm does not show that the plea agreement was or would have been accepted by his co-defendants, that the plea agreement would be binding upon the court, or that Grimm's sentence would have been different had he plead guilty.[12]

---

[11] Grimm's reply argues that his counsel may have unilaterally rejected a pre-trial offer. (ECF No. 859 at 13). However, Grimm's allegations on this issue are merely speculation. There is no suggestion that a pretrial plea agreement was offered, and no deficient performance for failing to secure a plea offer before trial began.

[12] Though the court typically reduces a defendant's offense level by two for accepting responsibility through a plea agreement, Grimm's 300-month sentence was already below the 324–405-month guideline range that would have resulted if his offense level were lowered from 43 to 41.

Accordingly, Grimm fails to show ineffective assistance of counsel on the basis of ineffective plea advice, negotiations, and agreements.

### 2. *Grimm fails to show ineffective consultation with client*

Grimm argues that counsel did not inform him that he had the right to testify in his own defense.  Counsel declares that he and Grimm extensively discussed Grimm's right to testify and that he consistently counseled that Grimm not testify as a matter of trial strategy.

There is no deficient performance in informing a defendant that he should not testify as a matter of trial strategy.  Even if there was, Grimm fails to show prejudice.

Grimm alleges that he "would have taken the stand and testified in his own defense and refuted the [evidence] presented against him at trial." (ECF No. 707-1 at 36).  Specifically, he argues that he would have pointed out contradictions in testimony from the government's witnesses, corrected inaccuracies in the spreadsheets the court used to calculate the amount of loss, and revealed meetings between investors and government agents that he was not present for.

Even assuming that he would have testified as to all of these issues, Grimm fails to show how this testimony would have affected the outcome of his conviction or sentence.  As to his conviction, Grimm admits that the evidence of his guilt was staggering.  Even if he disputed much of the government's case, he fails to show how he would have convinced the jury of his innocence on the fourteen counts of his conviction.  As to the amount of loss, Grimm's 300-month sentence was below the guideline range that would have resulted had the amount of loss been calculated to be under $50 million.[13]

Accordingly, Grimm fails to show deficiency and prejudice, and thus fails to show ineffective assistance of counsel on the basis of counsel's alleged ineffective consultation.

### 3. *Grimm fails to show ineffective trial preparation and performance*

---

[13] Prior to November 1, 2015, a loss amount between $20 million and $50 million resulted in a 22-level enhancement and a loss amount more than $50 million resulted in a 24-level enhancement.   See U.S.S.G. 2B1.1(b)(1)(M); U.S.S.G. Amendment 791, available at https://guidelines.ussc.gov/ac/791.  Lowering Grimm's offense level from 43 to 41 would have resulted in a guideline range of 324–405 months.

Grimm's allegations concerning counsel's failure to investigate, impeach, and cross-examine are, at best, conclusory.  Counsel's affidavit shows that his decisions whether to investigate, impeach, and cross-examine were all made as a matter of strategy.

Considering the wide latitude of competent performance under the Sixth Amendment, Grimm fails to show deficient performance or prejudice from counsel's strategic decisions. Grimm's lists of inquiries, impeachments, and lines of questioning that counsel *could* have utilized to *possibly* reveal *helpful* information do not show that counsel was outside of the normal bounds of competent performance.  Further, Grimm points to nothing other than conclusory allegations to show that the result of his trial and sentence would have been different had counsel engaged in any of his proposed actions.

Accordingly, Grimm fails to show ineffective assistance of counsel on the basis of ineffective investigation, impeachments, and cross-examinations.

### 4. Grimm fails to show ineffective challenges to possible jury tampering

Grimm argues that his counsel was ineffective for failing to raise the issue of jury tampering upon learning that an individual adverse to Grimm's codefendant was seen speaking with jurors during the trial.  This argument fails because Grimm fails to show deficient performance or prejudice from the alleged failure.

As to performance, Grimm's codefendant's counsel raised the issue of potential improper contact between jurors and an outside party.  (*See* ECF No. 507 at 59–60).  On this information, the court inquired into the issue and found no evidence of jury tampering.  While Grimm's counsel did not specifically object, the issue was settled at Grimm's trial and considered on appeal.  Thus, there is no deficient performance for failing to move for further inquiry or a mistrial on the grounds of potential jury tampering.

Even if there was deficient performance, there is no prejudice from the alleged jury tampering.  Grimm's codefendant's counsel specifically informed the court that the spectator was an avid critic of Grimm's codefendant and had been seen talking to jurists in the bathroom and elevators.  The court inquired into the contact and determined that even if it was possibly prejudicial, the contact was in fact harmless because there was no "suggestion that the jurors

were involved in any discussions about the case." *Id.* The court then instructed the jurors to consider the evidence, and only the evidence, in reaching their decision.

Accordingly, Grimm fails to show ineffective assistance of counsel on the basis of ineffective challenges to potential jury tampering.

### 5. Grimm fails to show ineffective calculation of harm at sentencing

Grimm argues that counsel was deficient for failing to properly calculate and object to probation's calculation of the amount of loss stemming from his offenses. This argument also fails.

Assuming arguendo that there was deficient performance for failing to properly calculate and object to the errant calculation, Grimm does not show prejudice. The court did not sentence Grimm to a sentence within the heightened guideline range of life. It sentenced him to a term of custody that would have been within the guideline range with an amount of loss less than half of what probation calculated. (*See supra* note 12). Thus, Grimm was not prejudiced by the alleged miscalculations.

Accordingly, Grimm fails to show ineffective assistance of counsel on the basis of failing to properly calculate the amount of loss.

### 6. Grimm fails to show cumulative error resulting in ineffective assistance

Even taking counsel's alleged errors cumulatively, counsel's performance was effective under the broad standards afforded by the Sixth Amendment.

Assuming that Grimm would have taken a plea deal offered by the government pre- or mid-trial and that Grimm would have received the offense level reductions for acceptance of responsibility and for a lower amount of loss, a sentence of 300 months per count, to run concurrently, would still have been within Grimm's sentencing guideline range.

Assuming that Grimm's trial proceeded, but counsel's additional investigations, impeachments, and cross examinations resulted in a jury acquittal on some charges, the court still could have sentenced Grimm to an identical 300 months per remaining count, to run concurrently, for an effectively identical term of imprisonment.

1     Assuming counsel moved for a new trial on the basis of jury tampering, there is no

2  showing that court would have granted that motion despite denying Grimm's codefendant's

3  objections on the same issue at the same trial.

4     Thus, as no prejudice resulted from trial counsel's alleged ineffective assistance, Grimm

5  fails to show ineffective assistance of trial counsel.

6     **B.  Grimm fails to show ineffective assistance of appellate counsel**[14]

7     Grimm argues that appellate counsel was ineffective for failing to consult with him and

8  allow him to participate in the drafting of the initial briefing, as well as for failing to raise the

9  issue of forfeiture on appeal.  Both arguments fail.

10     Appellate counsel had no duty to bring Grimm in on each phase of the drafting of his

11  initial brief.  As appellate counsel's affidavit and Grimm's motion confirm, Grimm's argument

12  relies on a finding that counsel was deficient for failing to assert Grimm's proposed argument

13  that out of court conversations and events justified overturning his conviction.

14     As the government properly argues, appellate courts do not review alleged events and

15  conversations that happened off the record.  Therefore, there is no deficient performance for

16  failing to consult with Grimm on the many out of court statements he wished to be included in

17  the briefing, nor is there prejudice from failing to include those arguments in the brief—as they

18  would have been rejected for being outside the scope of the appeal.

19     As to Grimm's argument concerning his forfeiture, appellate counsel did secure the

20  remand of Grimm's case on the issue of forfeiture.  This resulted in a reduction of the court's

21  original forfeiture order by more than $90 million.  Thus, there is no deficient performance or

22  prejudice from prevailing on the forfeiture issue on appeal.[15]

23     Accordingly, Grimm fails to show ineffective assistance of appellate counsel.

24

25

26     [14] Grounds 19 and 20.

27     [15] To the extent that Grimm asserts this same challenge to trial counsel, the court's
determination is the same.  No prejudice results from trial counsel's alleged failure to
28  preserve the issue of forfeiture when Grimm benefitted from the overturning of the court's
original forfeiture order.

C.  Grimm fails to show prosecutorial misconduct[16]

Grimm has attempted to challenge the Brady/Giglio violations at each step of his post-trial proceedings.  As the Ninth Circuit held, so too will this court: there is no evidence of prosecutorial misconduct justifying a correction or amendment to Grimm's conviction and sentence.  Grimm's arguments to the contrary are all hypothetical, conclusory, or misstatements of the record.

Therefore, Grimm fails to establish that his due process rights were violated due to prosecutorial misconduct or that counsel was ineffective for failing to challenge Grimm's conviction on the basis of prosecutorial misconduct.

D.  An evidentiary hearing is not warranted

Grimm seeks an evidentiary hearing on his petition to, *inter alia*, "present evidence and testimony and flesh out the facts" of his grounds for relief.  (*See* ECF No. 707-1 at 29).  However, a petitioner is entitled to an evidentiary hearing only where the petitioner raises a colorable claim of ineffective assistance of counsel.  *See Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990).  Here, Grimm fails to raise a colorable claim because each of his arguments fail to establish prejudice in any sense.

Taken as a whole, his motion seeks to allow him to go back in time and accept the 17.5 year mid-trial plea offer from the government because it would have been in his best interests considering the outcome of his trial and sentence.  Yet, even if he had done so, the court would have been well within its power to sentence him to the identical sentence he received post-trial.  Indeed, Grimm's arguments fail to show that his conviction and sentence would have been different even if every single allegation of deficient performance were proven in his favor.

Accordingly, the court denies Grimm's request for an evidentiary hearing.

E.  No certificate of appealability is warranted

When the court denies a petitioner's § 2255 motion, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make such a showing, the petitioner must establish that

---

[16] Grounds 12 and 18.

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Here, Grimm fails to make a substantial showing that his right to counsel or due process were denied.  Each of his arguments fail to the point that no reasonable jurists could debate that his petition should have been resolved in a different manner.  Grimm's attempt to turn back the clock and accept the government's mid-trial offer by categorizing every action and inaction by his counsel as ineffective does not "deserve encouragement to proceed further."  *Id.*

Accordingly, the court denies Grimm a certificate of appealability.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Steven Grimm's motion to vacate, set aside, or correct sentence pursuant to § 2255 (ECF No. 707) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED no certificate of appealability shall be issued.

The clerk shall enter judgment and close the case.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Grimm v. USA*, case number 2:18-cv-02124-JCM.

DATED THIS 31st day of May 2022.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

11